UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81277-BLOOM

MARCUS JOHNSON,

    Plaintiff,

v.

PALM BEACH COUNTY SHERIFF'S
OFFICE, *et al*.,

    Defendants.

_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Marcus Johnson's Complaint under 42 U.S.C. § 1983. ECF No. [1]. Plaintiff, a pretrial detainee at the Palm Beach County Main Detention Center ("the jail"), alleges that jail staff were deliberately indifferent to his serious medical needs. Because Plaintiff has not paid the filing fee and has sought leave to proceed *in forma pauperis* ("IFP"), ECF No. [3], the Complaint is subject to screening under 28 U.S.C. § 1915(e). For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

    **I.    BACKGROUND**

The Court accepts the following facts as true for the purposes of screening the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On September 11, 2025, while Plaintiff was sleeping, he fell off his top bunk. ECF No. [1] at 3. Plaintiff's neighbor heard Plaintiff fall and came over to help. *Id*. An attempt was then made to contact the supervising deputy, Defendant Deputy Benson, but he was not in the dormitory at the time. *Id*. Plaintiff was helped back to bed and waited, in pain, for Deputy Benson to return, but Benson never arrived. *Id*. Plaintiff then fell back asleep. *Id*.

Case No. 25-cv-81277-BLOOM

The next morning, Plaintiff could not get out of bed to get breakfast, and he told Deputy Benson what happened. *Id*. at 3–4. Deputy Benson replied, "You are walking so you're ok." *Id*. at 4. The following morning, Plaintiff again fell off his top bunk, and this time a "signal was called," prompting jail staff and nurses to arrive. *Id*. Plaintiff advised the nurses that he could not move, and deputies and other staff "forced" Plaintiff into a wheelchair while telling him that he was ok. *Id*. Plaintiff was then taken to the medical unit where he was given a lower bunk pass, and he was then sent back to his dormitory. *Id*. Plaintiff asked for Tylenol from medical staff members who hand out medication, but they advised him that they could not give him Tylenol because there was no order for it. *Id*. Plaintiff put it a "sick call" request to the Defendant Nurse Doe, the morning "medical cart" nurse (whose real name Plaintiff does not know). *Id*. Nurse Doe read the sick call and told Plaintiff that she could not give him Tylenol because "the system was down." *Id*. The next day, Plaintiff filed a grievance to which he received no response. *Id*. at 5.

Plaintiff sues seven Defendants in their individual and official capacities for deliberate indifference to his serious medical needs: (1) Sheriff Ric Bradshaw; (2) Deputy Benson; (3) Deputy Kittler; (4) Wellpath, the private entity that contracts with Palm Beach County to provide medical services to inmates; (5) Nurse Johnson; (6) Nurse Peck; and (7) Nurse Doe. Plaintiff requests damages for relief.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A pleading fails to state a claim for relief when it does not contain sufficient "factual matter (taken as true)" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555–56 (2007); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

### III. DISCUSSION

A plaintiff asserting a claim of deliberate indifference to serious medical needs under the Eighth Amendment[1] must satisfy three elements. First, the plaintiff must show that "the deprivation he allegedly suffered was 'objectively, sufficiently serious,'" which requires him to establish an "objectively serious medical need." *Wade v. McDade*, 106 F.4th 1251, 1255–56 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994)). Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which means that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Id*. at 1262. But a defendant "cannot be found liable . . . if he responded reasonably to the risk." *Id*. (cleaned up). Third, "a plaintiff must establish that an officer's deliberate indifference caused his injury." *Donald v. Norris*, 131 F.4th 1255, 1265 (11th Cir. 2025). A prisoner's complaint must plausibly allege all three elements to survive

---

[1] "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees like [Plaintiff]. However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citations omitted).

screening under 28 U.S.C. § 1915(e). *Schuller v. Diaz*, No. 24-CV-23553-RKA, 2024 WL 4802720, at *2 (S.D. Fla. Nov. 15, 2024).

### A. Serious Medical Need

Plaintiff has not plausibly alleged a serious medical need. A serious medical need is "one that, if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Stated differently, a serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (quotation omitted).

Plaintiff alleges that he twice fell of his top bunk, causing pain, and he alludes to being immobilized for at least a brief period. But beyond that, Plaintiff provides no information about the injuries he sustained. Plaintiff must provide more than vague and conclusory allegations about his injuries and his level of pain to plausibly allege a serious medical need. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (inmate failed to allege a serious medical need where "[t]he allegations in the complaint . . . fail[ed] to specify his pain or medical condition"); *see also Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (conclusory allegations are insufficient in civil rights actions under § 1983); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims.").

### B. Deliberate Indifference

Even if Plaintiff had plausibly alleged a serious medical need, his allegations do not show that any Defendant was deliberately indifferent to that need. As to Deputy Benson, Plaintiff alleges that he was absent from the dormitory when Plaintiff fell the first time. Plaintiff does not allege

4

that Deputy Benson was aware of Plaintiff's fall until the next morning, and Plaintiff does not allege Benson was aware of Plaintiff's injuries. Thus, Plaintiff has not alleged that Deputy Benson was "actually, subjectively aware that his own conduct caused a substantial risk of serious harm." *Wade*, 106 F.4th at 1262. Although Deputy Benson's job duties may have required him to be in the dormitory at the time, Plaintiff's allegations do not suggest that Deputy Benson could have known that his absence from the dormitory would expose Plaintiff to a risk of serious harm from a fall off his top bunk. *See Keohane v. Fla. Dep't of Corr.*, 952 F.3d 1257, 1266 (11th Cir. 2020) ("[M]ere negligence" does not violate the Eighth Amendment). Thus, Plaintiff has not stated a claim for deliberate indifference against Deputy Benson.

As to Nurse Doe, Plaintiff merely alleges that she read his sick call and told him that she could not give him Tylenol because "the system was down." ECF No. [1] at 4. But Plaintiff does not allege what information he provided in his sick call to Nurse Doe and, as mentioned, he does not specify his injuries in the Complaint. Thus, Plaintiff has not shown that Nurse Doe was "actually, subjectively aware" that Plaintiff had a serious medical need and that the failure to dispense Tylenol would cause serious harm. *See Wade*, 106 F.4th at 1262. Moreover, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The only exception to this rule is where the plaintiff's description of the fictitiously-named defendant is "sufficiently clear to allow service of process," but Plaintiff does not provide an adequate description of Nurse Doe. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).

As to the remaining Defendants, Plaintiff fails to mention them at all in his factual allegations. A claim under section 1983 "requires proof of an affirmative causal connection between the actions taken by *a particular person* under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotations omitted)

5

(emphasis added). Therefore, Plaintiff must provide specific allegations against each named Defendant to state plausible claims against them. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of *pro se* § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants.").

Plaintiff's claim against Wellpath must be dismissed because he has not stated a claim for municipal liability. When a private entity like Wellpath contracts with a municipality to perform "a function traditionally within the exclusive prerogative of the state"—like providing medical services to inmates—the entity "becomes the functional equivalent of the municipality under section 1983." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997)). To hold a municipality liable under § 1983, a plaintiff must show that the municipality "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality." *Id.* (quotation omitted). "A pattern of similar constitutional violations is ordinarily necessary." *Id.* (quotations omitted and alteration adopted). Plaintiff does not allege that Wellpath had a custom or policy of deliberate indifference, and his allegation of a single incident is insufficient to impose liability on Wellpath.

## IV. LEAVE TO AMEND

A *pro se* Plaintiff must be given at least one opportunity to amend his Complaint if an amended complaint might state a claim upon which relief can be granted. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Plaintiff's Amended Complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

*See Moon*, 863 F.2d at 837. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

While Rule 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases. *See GJR Invs*., 132 F.3d at 1367 ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir.1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *See GJR Invs*., 132 F.3d at 1367.

In addition, Plaintiff must separate each cause of action against each Defendant into a different count. Pursuant to Fed. R. Civ. P. 10(b), the Amended Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission

Case No. 25-cv-81277-BLOOM

that forms the basis of his claims. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

V.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **November 17, 2025**, Plaintiff shall file an amended complaint, labeled **"Amended Complaint,"** that cures the deficiencies identified above. The Amended Complaint shall:

    a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment.

    b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly.

    c. Be written on the § 1983 complaint form attached to this order.

3. The Amended Complaint must show **Case No. 25-cv-81277-BLOOM** so that it will be filed in this case.

4. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the civil rights complaint form, together with this Order, at the address listed below.

5. Plaintiff's Motion for Leave to Proceed IFP, **ECF No. [3]**, is **DENIED AS MOOT**.

Case No. 25-cv-81277-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 17, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Marcus Johnson, *PRO SE*
0341487
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416